**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0503-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STANLEY L. WILLIAMS,

     Defendant-Appellant.

_____

Submitted July 24, 2018 – Decided January 15, 2019

Before Judges Ostrer and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 12-12-1090.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert C. Pierce, Designated Counsel; William P. Welaj, on the brief)

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

OSTRER, J.A.D.

Defendant Stanley L. Williams appeals from the denial of his petition for post-conviction relief (PCR), without an evidentiary hearing. Pursuant to a plea agreement, defendant pleaded guilty to: first-degree robbery, N.J.S.A. 2C:15-1(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:15-1. He was sentenced to a thirteen-year custodial term on the robbery charge, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, concurrent to five-year terms on the remaining counts.

On appeal, defendant raises the following points for our consideration.

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF SINCE HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> POINT II
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-4.

We review de novo a PCR court's factual findings and legal conclusions made without an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004).

2

In reviewing defendant's ineffective-assistance-of-counsel claims, we apply the two-prong Strickland test, adopted in State v. Fritz, 105 N.J. 42 (1987). Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). We consider (1) whether counsel's performance was constitutionally deficient, and (2) whether defendant suffered resulting prejudice, that is, whether there is "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ibid. Applying that standard, we affirm.

## I.

We discern the following facts from the State's official version of the offense, defendant's allocution, and that of one of his co-defendants. On the morning of July 22, 2011, defendant and three other men – David Green, Brian Kent, and Edwin Sanchez – planned the robbery of a residence they believed contained drugs and money. That night, defendant and Green entered the residence while Kent remained in the getaway car. Sanchez was not present, although he was the plan's "mastermind," according to Kent and Green.

Inside the home, a female resident woke to a loud noise. She investigated and found two intruders trying to get into her son's room. Her son opened his door. One of the intruders engaged in a scuffle with the woman, while the other, brandishing a gun and speaking with a Jamaican accent, demanded money from

her son. The woman was struck in the head and received a large contusion. Her son attempted to wrestle his intruder until a gunshot was fired causing the son to retreat. The two intruders left with cash and marijuana.

Defendant and the other three men were later apprehended. Kent entered into a cooperation agreement with law enforcement for this incident and an unrelated crime; he pleaded guilty to robbery and conspiracy to commit burglary and robbery; and ultimately received a five-year NERA sentence. Green entered into a plea agreement as well, and received a five-year NERA sentence. Sanchez received a seventeen-year custodial term, though the record is not clear if this followed a guilty plea or a trial.

Kent and Green both provided statements to investigators. Green said that he used a Jamaican accent during the robbery to disguise his identity. He also said defendant fired the gun in the house. Kent said defendant provided the gun for the robbery.

During his plea hearing, defendant said he possessed the gun and brandished it inside the residence in order to intimidate the occupants. He also stated he reviewed his discovery with his attorney. At defendant's subsequent sentencing proceeding, his attorney did not argue for a lesser sentence than the one specified in the plea agreement.

4

On direct appeal, we affirmed defendant's sentence as neither excessive nor unduly punitive. State v. Williams, No. A-0282-15 (App. Div. March 9, 2016).

II.

Defendant contends his plea attorney provided ineffective assistance of counsel by: (1) failing to review discovery that allegedly indicated that Green, not he, discharged the weapon in the house they invaded; and (2) failing to advocate for a sentence more lenient than defendant's plea agreement contemplated, particularly in light of the sentences Kent and Green received. Defendant also contends that his appellate attorney was ineffective by failing to raise the issue of disparate sentencing before the ESOA panel. We are unpersuaded.

Regarding the first point, defendant focuses on the female victim's statement, provided in discovery, that the intruder with the Jamaican accent discharged the weapon. Based on Green's statement that he used the accent, defendant contends the victim's statement proved he did not discharge the weapon. He argues his counsel should have used this information to obtain dismissal of the charges, argue for a lesser sentence, or to negotiate a better plea agreement.

A-0503-17T2

As to those contentions we need not reach the first prong of the Strickland test, because defendant has failed to establish prejudice under the second prong. See State v. Gaitan, 209 N.J. 339, 350 (2012) ("Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient."). A motion to dismiss the charges would not have succeeded. Notwithstanding the victim's statement, Green's assertion that defendant discharged the weapon, and Kent's statement that defendant supplied the weapon used in the robbery, provided probable cause for the weapons charges against defendant. It is not ineffective to withhold a meritless motion. State v. O'Neal, 190 N.J. 601, 619 (2007). Nor is it reasonably probable that reliance on the victim's statement would have secured a more favorable plea agreement or sentence. The prosecutor was already aware of the victim's statement.

Moreover, in the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on

going to trial," State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)), and that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Defendant fails to make that showing here.

Defendant's contentions regarding his sentence fare no better. He failed to show a reasonable probability that his sentence would have been more favorable had his counsel made the disparity argument at sentencing or on appeal. Uniformity in sentencing is a major objective of the criminal justice system. See State v. Roach, 146 N.J. 208, 231-32 (1996). Uniformity promotes fairness and public confidence. Ibid. But not all divergent sentences are unfair or unjust. Ibid. "The question therefore is whether the disparity is justifiable or unjustifiable." Id. at 232-33. We consider whether the individuals receiving the disparate sentences were similarly situated or not. See State v. Case, 220 N.J. 49, 63 (2014).

In this case, defendant received a thirteen-year term of imprisonment while Kent and Green both received five-year terms. However, defendant was an older man, and had a more extensive criminal record than his co-defendants. Williams was thirty-nine years old at the time of the offense. As an adult, he

had been arrested over twenty times, including six indictable offenses. He was extended-term eligible. <u>See</u> N.J.S.A. 2C:44-3. By contrast, Kent had cooperated with law enforcement. Green was twenty years old at the time of conviction and had significantly less contact with the criminal justice system. In light of these facts, Kent and Green were not similarly situated to defendant. Notably, defendant received a shorter sentence than Sanchez.

As we conclude defendant's argument lacks substantive merit, we need not reach the question whether it was procedurally barred by <u>Rule</u> 3:22-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION